```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/15/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                :
ANTONIO J. SAUNDERS-EL,      :
                :
         Plaintiff,     :    15-CV-8099 (JMF)
                :
    -v-        :    MEMORANDUM OPINION
                :          AND ORDER
ANNA M. HEHENBERGER, et al,     :
                :
         Defendants.    :
                :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, familiarity with which is assumed, Plaintiff Antonio J. Saunders-El alleges claims of kidnapping, false imprisonment, cruel and unusual punishment, violations of the United States, New York, and Virginia Constitutions, violations of his rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, RICO violations, gross negligence, and violations of various Virginia and New York parole policies and rules. (*See* Docket No. 1 ("Complaint")). By prior Orders entered on May 2, 2016, and November 22, 2016, the Court dismissed or transferred all of Plaintiff's claims against the "Powhatan [Virginia] Correctional Facility Defendants" and the "Rikers Island Defendants," with the sole exception of his claims against the latter for false imprisonment. (Docket Nos. 8, 32).

      At the core of all Plaintiff's remaining claims are his allegations that (1) Defendants William M. Muse, John Doe a/k/a Jeffrey Dillman, and James Sisk (the "Virginia Parole Defendants") illegally changed his discharge-from-parole date from November 17, 2012 to November 17, 2014; and that (2) Defendants Anna Hehenberger, Brian Fischer, A.E. Preston, Irene Staniszewski, Renell Hamilton, Clifford Jones, and Roxanne Marie (the "New York Parole Defendants") illegally enforced the 2014 discharge date when they arrested Plaintiff on

December 10, 2012 in New York, for violation of the terms of his supervision (in connection with a separate robbery and assault charge). Those claims — not to mention, Plaintiff's remaining false imprisonment claim against the Rikers Island Defendants (*see* Docket No. 39) — rise or fall, in the first instance, on a factual question: whether he was still under supervision when he was taken into custody on December 10, 2012. The Virginia and New York Parole Defendants now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the ground that Plaintiff was, in fact, still under supervision on that date.

Upon review of the parties' submissions, the Court agrees. Specifically, Defendants adequately demonstrate that there is no genuine dispute that Plaintiff was subject to a legitimate and lawful term of supervision until November 17, 2014. (*See* Docket No. 48 ("VA Parole Defs. Mem.") 2-5; Docket No. 58 ("NY Parole Defs. Mem.") 3-5; Docket No. 51 ("Parks Aff.") ¶ 7). Plaintiff does not — and cannot — dispute this fact. To the extent that his arguments are intelligible, he appears to contend instead that his supervision was invalid or terminated because (1) he had not signed the parole terms sheet; and (2) he did not know at the time of his release from incarceration that he had been sentenced to a three-year term of supervision. (Docket No. 64 at 5, 8). Substantially for the reasons stated by the Virginia and New York Parole Defendants, however, both of these arguments are meritless. (*See* VA Parole Defs. Mem. 7-10; NY Parole Defs. Mem. 7-8). Put simply, the fact that an offender does not sign a document reflecting the terms of supervision does not invalidate that supervision and Plaintiff received notice of his three-year term of supervision in multiple ways, most notably (and obviously) at the time of his sentencing. (*See* VA Parole Defs. Mem. 9; Docket No. 50, Ex. B).

The fact that Plaintiff was lawfully under supervision on December 10, 2012, when he was taken into custody, is fatal to all of his remaining claims — not only those against the

Virginia and New York Parole Defendants, but also his false imprisonment claim against the Rikers Island Defendants.  (*See, e.g.*, Docket No. 39).[1]  Accordingly, all of Plaintiff's remaining claims are dismissed.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff, to terminate Docket Nos. 46 and 53, and to close the case.

SO ORDERED.

Date: May 15, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] To the extent that Plaintiff's Complaint could be liberally construed to allege claims (aside from those previously dismissed or transferred) that would not rise or fall, in the first instance, on the question of whether he was lawfully under supervision on December 10, 2012, those claims would be subject to dismissal as frivolous and need not be addressed in detail.